**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
NO.   4:23CV-16-JHM

| | | |
|---|---|---|
| **QUENTIN COLEMAN** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | **COMPLAINT** |
| | ) | *"Electronically Filed"* |
| | ) | |
| **DART CONTAINER CORP. OF KY** | ) | |
| **D/B/A DART POLYMERS** | ) | |
| **Serve:** **United Agent Group INC.** | ) | |
| **101 North Seventh Street** | ) | |
| **Louisville, Kentucky 40202** | ) | |
| | ) | |
| **Defendant** | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

Comes the Plaintiff, Quentin Coleman, by and through counsel, and for his Complaint against the Defendant, Dart Container Corporation of Kentucky, D/B/A Dart Polymers, states as follows:

### JURISDICTION

1.      That this action arises under the law of the United States, particularly under the provisions of 29 USC §2601 *et seq*.  (Family and Medical Leave Act of 1993).

2.      That this Court possesses jurisdiction for this case under the provisions of Title 28 of the United States Code, § 1331 and § 1343.

### PARTIES

3.      That Plaintiff, Quentin Coleman, is, and at all times relevant hereto has been, a resident of Daviess County, Kentucky, and currently resides at 5210 State Route 56, Owensboro, Kentucky 42301.

1

4.      That the Defendant, Dart Container Corporation of Kentucky, D/B/A Dart Polymers, (hereinafter "Defendant"), is, and at all relevant times hereto has been, a Foreign Corporation in good standing, licensed to do, and doing, business within the Commonwealth of Kentucky at 500 Hogsback Road, Mason, Michigan 48854 in Ingham County, Michigan, and has a location in Kentucky located at  2400 Harbor Road, Owensboro, Kentucky 42304 and continuously employed Plaintiff from approximately March 25, 2019 until approximately February 24, 2022.

5.      That Defendant is in a business affecting foam cups and containers, employs, and at all relevant times did employ, more than 50 employees within a 75 -mile radius of Plaintiff's worksite, and is otherwise an "employer" as defined by the Family and Medical Leave Act.

6.      That Plaintiff worked for Defendant for more than 12 months, worked more than 1,250 hours during the 12 months immediately preceding his termination, had a serious medical condition, and is otherwise an "eligible employee" as defined by the Family Medical Leave Act.

7.      That the unlawful termination complained of herein occurred in Owensboro, Daviess County, Kentucky on or about February 24, 2022.

## FACTS

8.      That Plaintiff became employed by Defendant beginning on or about March 25, 2019 and was working as a Electrician IV, on the nightshift from 6 p.m. to 6.am., through his employment with Defendant in Owensboro, Kentucky at all relevant times herein.

9.      That Plaintiff, at all times relevant hereto suffered from serious health conditions, including having to undergo regular kidney dialysis, qualifying Plaintiff for FMLA leave under 29 USC §2612 and 29 CFR §825.113 and §825.200.

10.     That prior to his termination of his employment with the Defendant, Plaintiff had approved, intermittent FMLA when needed because of a serious kidney-medical condition requiring dialysis.  Defendant tried to make Plaintiff move to a first shift position knowing Plaintiff could not do so because of Plaintiff's required day-time dialysis  Monday, Wednesday and Friday every week.  On February 24, 2022 Plaintiff's employment was terminated for reasons related to alleged poor performance in retaliation for Plaintiff not being able and/or willing to switch a first shift position.

11.     Prior to Plaintiff's termination of employment Plaintiff, had been exercising his rights under FMLA and therefore, had provided appropriate notice to Defendant of Plaintiff's intent and desire to exercise his rights under the FMLA.

12.     That on or about February 24, 2022, while Plaintiff was still recovering from his serious medical condition and entitled to FMLA leave or to not be forced to taking a first shift position in which Plaintiff could not fulfill the daily Monday through Friday shift employment duties because of Plaintiff's dialysis, Plaintiff was terminated for alleged poor performance in an effort to illegally terminate Plaintiff's employment.

13.     That Plaintiff was discriminated against by his employer due to his disability.

14.     That Plaintiff was wrongfully terminated by his employer due to his serious medical condition.

**COUNT ONE**
**FMLA DISCRIMINATION, TERMINATION, AND RETALIATION**

15.     That Plaintiff incorporates by reference, as set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

16.     That the aforementioned conduct of Defendant is in direct violation of 29 USC §2601 *et seq.* and in particular 29 USC §2615, which forbids interference, discrimination, and retaliation against an employee for exercising his rights under the Act.

17.     That Plaintiff was terminated as a result of him taking approved and lawful FMLA time to recover from serious medical conditions and/or not being able to switch to a first shift position and interfering with Plaintiff's FMLA leave, in direct violation of 29 USC §2615. Plaintiff's request for FMLA leave and/or actions in taking FMLA leave (i.e. Plaintiff's actions in exercising his rights under the Act) were substantial motivating factors in the aforementioned adverse employment action of termination of his employment.  Therefore, the Defendant retaliated against the Plaintiff by terminating his employment as a result of Plaintiff requesting and taking approved and lawful FMLA leave to recover from serious medical conditions and/or not being able to switch to a first shift position and interfering with Plaintiff's FMLA leave.

18.     That, as a direct and proximate result of Defendant's wrongful and illegal termination, which occurred in the absence of good faith, Plaintiff is entitled to lost employment benefits, lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney fee, and interest on all claimed damages, pursuant to 29 §2617.

19.     That pursuant to 29 USC §2617(a)(1)(A)(iii) and as a direct and proximate result of Defendant's wrongful and illegal termination of Plaintiff, which occurred in the absence of good faith, Plaintiff is entitled to additional liquidated damages equal to the sum of the damages incurred for lost wages, lost salary, lost employment benefits and other lost compensation along with interest at the prevailing rate.

## COUNT II
### FMLA INTERFERENCE AND RETALIATION

20.     That Plaintiff incorporates by reference, as if set forth fully herein, each and every averment, allegation, or statement contained in the previous paragraphs of this Complaint.

21.     That the aforementioned conduct of Defendant is in direct violation of 29 USC §2601 *et seq.* and in particular 29 USC §2615, which forbids interference, discrimination, and retaliation against an employee for exercising his rights under the Act.

22.     That Plaintiff was entitled to FMLA leave and benefits to recover from serious medical conditions, and Defendant wrongfully and illegally denied (i.e. interfered with) said entitlement by denying Plaintiff's request for FMLA leave and terminating Plaintiff in direct violation of 29 USC §2615.

23.      That Defendant further retaliated against and interfered with Plaintiff's taking of approved and lawful FMLA time to recover from serious medical conditions as a result of his previous request(s) for FMLA leave, in direct violation of 29 USC §2615.  Plaintiff's request(s) for FMLA leave were a substantial motivating factor in the aforementioned adverse employment actions of denying her request for FMLA leave and ultimately terminating his employment, thereby denying Plaintiff the FMLA leave benefits to which she was entitled.

24.     That, as a direct and proximate result of Defendant's wrongful and illegal interference with Plaintiff's FMLA rights, which occurred in the absence of good faith, Plaintiff is entitled to employment benefits, lost wages, reinstatement and/or front pay in lieu of same, compensatory damages, embarrassment, humiliation and mental anguish, his actual damages, and his costs of the lawsuit, including a reasonable attorney fee, and interest on all claimed damages, pursuant to 29 USC §2617.

25.     That pursuant to 29 USC §2617(a)(1)(A)(iii) and as a direct and proximate result of Defendant's wrongful and illegal interference with Plaintiff's FMLA rights, which occurred in the absence of good faith, Plaintiff is entitled to additional liquidated damages equal to the sum of the damages incurred for lost wages, lost salary, lost employment benefits and other lost compensation along with interest at the prevailing rate.

WHEREFORE, the Plaintiff prays for judgement from the Defendant as follows:

1.     Compensatory damages in the sum of $500,000.00;

2.     Reinstatement and Injunctive Relief, or front pay in lieu of same;

3.     Trial by jury on any and all issues so triable;

4.  For his costs herein expended, including a reasonable attorney's fees; and

5.  For any and all other relief to which he may otherwise be properly entitled.


Respectfully Submitted,

/s/ Joseph D. Gaines
Joseph D. Gaines
GORSKI LAW OFFICE, P.S.C.
161 St. Matthews Avenue, Suite 7
Louisville, Kentucky 40207
(502) 569-6795
(502) 690-8438 - Facsimile
josephdgaineslaw@gmail.com

A. Nicholas Naiser
NAISER LAW OFFICE
600 West Main Street, Suite 500
Louisville, Kentucky 40202
(502) 584-1210
(502) 584-1212 - Facsimile
Nick@naiserlaw.com

Travis L. Holtrey
FOREMAN-WATSON-HOLTREY, LLP
530 Frederica Street
Owensboro, Kentucky 42301
(270) 689-2412
(270) 689-2335 - Facsimile
tholtrey@fwhlegal.com

By:     /s/Joseph D. Gaines
        Joseph D. Gaines

## CERTIFICATE OF SERVICE

This will certify that a true copy of the foregoing has been filed electronically for service by Certified U.S. Mail and mailed through the USPS, postage prepaid, to the agents for service of process listed above, on this the 25th day of January, 2023.

/s/Joseph D. Gaines
Joseph D. Gaines